**E-Filed 1/24/08**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| KAREN CARTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE COUNTY OF SANTA CLARA, et al.,<br><br>　　　　　Defendants. | Case Number C 05-3974-JF (RS)<br><br>ORDER RE: MOTIONS IN LIMINE<br><br>[re: docket nos. 78, 79] |

　　　　Plaintiff Karen Carter ("Plaintiff") has filed two motions in limine. The first seeks to preclude Defendants' expert, William J. Crout, from offering testimony similar to that submitted in his expert report, in which he stated that the circumstances in this case warranted the force used by corrections officers. Plaintiff asserts that the trial court has broad discretion in deciding if expert testimony should be admitted, and thus it has discretion to exclude the testimony. *Scott v. Ross*, 150 F.3d 1275, 1286 (9th Cir. 1998). Plaintiff argues that Mr. Crout's proposed testimony "essentially tells the jury what result to reach." Motion, 7:10-11.

　　　　Federal Rule of Evidence 704 allows expert witnesses to express an opinion on the ultimate issue to be decided by the jury. *Davis v. Mason County*, 927 F.2d 1473, 1484-85 (9th Cir. 1991) (superseded by statute on other grounds). In *Davis*, the Ninth Circuit considered the

admissibility of testimony similar to that at issue here. It held as follows:

> [Defendant] objected to plaintiffs' police expert, Donald Van Blaricom, because he testified that Sheriff Stairs was reckless in his failure to adequately train his deputies, and that there was a causal link between this recklessness and plaintiffs' injuries. They contend that this was improper opinion testimony on a question of law. This argument is without merit. Fed.R.Evid. 704 allows expert witnesses to express an opinion on an ultimate issue to be decided by the jury. Moreover, Fed.R.Evid. 702 permits expert testimony comparing the conduct of parties to the industry standard. The trial court did not abuse its discretion in admitting Van Blaricom's testimony.

*Id.* (citations omitted).

At the same time, the Ninth Circuit also has made clear that an expert opinion on the "ultimate issue" may not go so far as to permit an expert to offer a legal conclusion. *Muhktar v. California State University, Hayward,* 229 F.3d 1053, 1065 n. 10 (9th Circ. 2002) ("It is well established, however, that expert testimony concerning the ultimate is not per se improper . . . However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.")

In his expert report, Mr. Crout opines on the factual circumstances surrounding this case, including whether the force used by the officers was appropriate. This opinion is not a legal conclusion. Accordingly, the Court will deny Plaintiff's motion to exclude Mr. Crout's testimony in its entirety. However, Mr. Crout will be limited to the opinions he expressed in his expert report, and he should not be asked to volunteer an opinion as to whether the Defendants acted unconstitutionally or exercised "excessive force."

Plaintiff's second motion raises the question of whether evidence of Plaintiff's prior bad acts should be excluded. These acts included an alleged assault on a former boyfriend and a previous arrest for drunk driving. Defendants do not oppose the motion but reserve the right to revisit the issue should the trial testimony and circumstances warrant. Accordingly, the Court will grant the motion as to these specific incidents with the understanding that all in limine rulings are subject to review if circumstances change.

However, Plaintiff also seeks to excluded evidence of the conduct at Boswell's Bar, which occurred on the night in question in this case and led to her arrest and detention. Plaintiff alleges that she was falsely arrested by the Campbell police on a charge of public intoxication.

Defendants argue that evidence of Plaintiff's conduct at Boswell's is directly relevant to the question of whether she in fact was intoxicated and also relevant with respect to the nature and extent of the injuries Plaintiff alleges that she suffered during her arrest. The Court agrees and will deny the motion to this extent.

IT IS SO ORDERED.

DATED: January 24, 2007

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:
2
3  Michael G. Ackerman     cjs@aandklaw.com,
4  Mark Scott Collins      msc@cslawfirm.com, shunt@cslawfirm.com; steve@cslawfirm.com
5  Kevin B. Kevorkian      kbk@aandklaw.com,
6  Christopher James Olson , Esq    colson@smwb.com,
7  David Michael Rollo     david.rollo@cco.sccgov.org, anna.espiritu@cco.sccgov.org

4