**E-Filed 4/28/08**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAREN CARTER,<br><br>    Plaintiff,<br><br>        v.<br><br>THE COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case Number C 05-3974-JF (RS)<br><br>ORDER RE POST-TRIAL MOTIONS |

   On February 13, 2008, following a seven-day trial, the jury in the above-entitled case found that Defendants violated Plaintiff's civil rights by using excessive force during the booking process at the Santa Clara County Jail. The jury awarded damages in the sum of $40,500. Although the verdict form did not ask the jury to identify the specific purposes for which damages were awarded, the presiding juror's hand-written notes indicated that the sum of $9,000.00 was awarded for "medical bills and expenses" and the sum of $31,500 was awarded for "wage loss" from April 3, 2005 (the date of the incident) through July 18, 2005. Plaintiff seeks a new trial with respect to damages, claiming that the verdict is inadequate because the jury did not award damages for her pain and suffering. Defendants move for judgment as a matter of law on the ground that the evidence at trial was insufficient to support a verdict against them.

Finally, Plaintiff seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. For the reasons set forth below, Plaintiff's motion for a new trial and Defendants' motion for judgment as a matter of law will be denied. Plaintiff's motion for an award of attorney's fees and costs will be granted in part.

### I. Plaintiff's Motion for a New Trial

No relevant judicial authority supports Plaintiff's contention that the jury was required explicitly to include an amount for pain and suffering in its verdict. While Plaintiff testified that she experienced pain and suffering both as a result of the incident at issue and as a result of the incident at Boswell's that preceded it and resulted in her arrest, a reasonable jury could have found from the evidence that any pain and suffering experienced by Plaintiff resulted principally from the events at Boswell's and that the effects of the incident at the jail were compensated adequately by its award.

Moreover, the hand-written notes on the verdict form, while obviously indicative of the jury's thought process, are not the legal equivalent of a formal allocation of damages in a special verdict. The jury was asked to award a single sum as and for compensatory damages, which it did. Given the state of the evidence with respect to Plaintiff's injuries and medical treatment, the Court concludes that a reasonable jury could have found that $40,500 was an adequate amount of total compensation for Defendants' actions. The amount of compensation awarded neither shocks the conscience nor raises "an irresistible inference of manifest impropriety" on the part of the jury. *See Munn v. Algee*, 924 F.2d 569, 578 (5th Cir. 1991).

### II. Defendants' Motion for Judgment as a Matter of Law

Virtually every aspect of the evidence at trial as to why Defendants decided to take Plaintiff down to the floor, pull her arms and legs behind her back and later place her for more than two hours in a restraint chair was in conflict. Defendants are entitled to judgment as a matter of law only if no reasonable jury, drawing all factual inferences in Plaintiff's favor, could have resolved the conflicts in the evidence in a manner consistent with liability. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). While it recognizes fully the difficult conditions under which corrections officers do their jobs and well may have resolved the

question of liability as to some and perhaps all of the Defendants differently had it been the trier of fact, the Court cannot say that no reasonable jury could have found that each Defendant used excessive force in this case.

### III. Plaintiff's Motion for Attorney's Fees and Costs

Plaintiff's counsel seek a "lodestar" award of attorney's fees and costs in the sum $147,245.[1] *See Hensley v. Eckerhart*, 461 U.S. 423, 433 (1983).  They also ask that the Court apply a multiplier of 1.5 to this figure on the basis that Plaintiff's claim was particularly difficult and "undesirable."  *See Kerr v. Screen Guild Extras, Inc.* 526 F.2d 67, 70 (9th Cir. 1975). Defendants argue that the hours claimed by counsel include duplication of effort by Plaintiff's two trial attorneys, that the claimed hourly rate is excessive, that counsel have failed to adjust their claim to account for litigation against other named Defendants whose cases were disposed of before trial, and that Plaintiff succeeded only partially with respect to her civil rights claims. Applying the factors discussed in *Hensley* and other cases, and in the exercise of its discretion, the Court will grant Plaintiff's request in part.

The Court finds generally that the time claimed by Mr. Ackerman was reasonably expended, but it also agrees with Defendants that the allowable hours for Mr. Ackerman should be reduced somewhat to reflect the time Mr. Ackerman devoted to litigation against other parties. For the reasons set forth by Defendants, the Court will adopt the figure of 255.95 hours suggested in Defendants' papers but will increase that figure by 10.3 hours to reflect the additional time claimed by counsel at oral argument,[2] resulting in a total of 266.25 allowable hours for Mr. Ackerman.

The Court finds and concludes that the record does not support Defendant's proposed 25% adjustment of Mr. Furstman's hours.  Mr. Furstman examined the majority of the witnesses and presented the majority of Plaintiff's arguments at trial.  Although the allocation of responsibilities between counsel after Mr. Furstman entered the case could have been articulated

---

[1] This amount slightly exceeds that claimed in Plaintiff's moving papers, presumably reflecting the additional work performed by counsel in connection with the instant motions.

[2] The difference between the amount claimed ($147,245) and the amount documented in Plaintiff's moving papers is $3,605, which at the claimed rate of $350.00 per hour represents 10.3 hours.

3

with greater clarity to counsel's declarations, there is no evidence of significant duplication of effort. The Court will adopt the figure of 120.50 hours claimed by Mr. Furstman.

The total number of allowable hours claimed by Plaintiff's counsel thus is 386.75. Based upon the substantial experience and skill of both counsel as documented in their declarations, as well as the Court's own observations of counsel's performance both before and during the trial, the Court finds that the claimed rate of $350.00 per hour is reasonable under all the circumstances. Absent any adjustment, the "lodestar" amount would be $135,362.50.

However, the Court agrees with Defendants that Plaintiff's success in the instant litigation was limited, and that accordingly an adjustment of the "lodestar" figure is necessary. As noted by Defendants, Plaintiff's *Monell*[3] claim against the County of Santa Clara was dismissed pursuant to F.R.Civ.Pro. 50(a) at the close of Plaintiff's case. Morever, it is evident that the jury rejected Plaintiff's claim that the incident at issue had long-term, disabling effects on her employability and the quality of her life; it was that claim that made counsel's task as difficult as it was and made the case impervious to settlement efforts. Accordingly, the amount of the award will be reduced by twenty percent (20%), resulting in a final figure of $108,290.

The Court will deny counsel's request for application of a multiplier. As Defendants note, upward adjustment of the "lodestar" figure is appropriate only in rare cases. *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 565 (1986). The favorable verdict for Plaintiff in this case is a tribute to counsel's professional skill and personal sensitivity; from the Court's perspective, it would have been an easy case to lose. However, the case was idiosyncratic. It is clear from the verdict that while the jury believed that Defendants treated Plaintiff inappropriately, it also rejected for the most part Plaintiff's effort to portray the underlying incident as a flagrant act of wrongdoing that has scarred her for life.

Good cause therefor appearing, IT IS HEREBY ORDERED THAT:

1) Plaintiff's motion for a new trial on damages is denied;

2) Defendants' motion for judgment as a matter of law is denied; and

3) Plaintiff's motion for an award of attorney's fees and costs is granted in part; Plaintiff

---

[3]*Monell v. New York City Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).

1  is awarded the sum of $108, 290 as and for attorney's fees and costs.

2

3  Dated: 4/28/08

						_____
4  						JEREMY FOGEL
						United States District Judge

1  This Order was served on the following persons:

6

Case No. C 05-3974-JF (RS)
ORDER RE POST-TRIAL MOTIONS